**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAINSOFT, a division of Aquion, Inc., a Delaware corporation,<br><br>    Plaintiff,<br><br> v.<br><br>BRIAN MACFARLAND,<br>d/b/a "Lazy Man & Money,"<br><br>    Defendant. | C.A. No. 15-0432-S-PAS |

## RAINSOFT'S FEE PETITION

RainSoft, by its attorneys, respectfully submits this fee petition in accordance with the Court's Order dated September 30, 2018, in which it granted RainSoft's Motion for Sanctions in part against Brian MacFarland ("MacFarland") and ordered that "MacFarland shall pay the reasonable expenses, including attorneys' fees, RainSoft incurred writing its sanctions motion and reworking its summary-judgment brief," and the Court's Order dated October 4, 2018, in which it ordered RainSoft to submit a claim for a specific amount to be awarded.

1. In connection with its motion for sanctions, RainSoft incurred $27,272.50 in fees based on the actual rates charged by its counsel at Baker & Hostetler LLP and Locke Lord LLP. Exhibits A and B hereto contain affidavits of counsel with itemizations of RainSoft's actual fees incurred for its motion and redacted copies of applicable invoices.

2. In connection with reworking its summary judgment brief, RainSoft incurred $22,165.00 in fees based on the actual rates charged by its counsel at Baker & Hostetler LLP and Locke Lord LLP. Exhibits A and B hereto contain affidavits of counsel with itemizations of RainSoft's actual fees incurred for reworking its summary judgment brief and redacted copies of applicable invoices.

3.  In connection with this fee petition, RainSoft's counsel carefully reviewed their invoices to identify work relating only to: (1) preparation of its motion for sanctions, including a 15 page motion, analysis of MacFarland's response, and a 6 page reply; and (2) reworking its summary judgment brief, including obtaining an extension of time to do so.

4.  In evaluating the reasonableness of RainSoft's fee petition, the Court should recall that the conduct for which MacFarland was sanctioned—his untimely document production—occurred the evening before RainSoft's response to summary judgment was due, thus requiring RainSoft to substantially rework a near-final summary judgment brief and two statements of fact, and forcing RainSoft to obtain an extension of time in which to do so. Similarly, RainSoft's Motion for Sanctions was contested by MacFarland.

5.  The Court should also note that RainSoft is not seeking:

    –   Any fees for Jonathan Lewis, a partner at McGuire Woods LLP who participated in both RainSoft's preparation of its motion for sanctions and its efforts to rework its summary judgment brief;

    –   Any fees for work performed by associates or paralegals;

    –   Any costs, such as legal research; or

    –   Any fees for work preparing this fee petition.

If such expenses were included, RainSoft's fee petition would be substantially greater.

WHEREFORE, RainSoft respectfully requests that Brian MacFarland be ordered to pay RainSoft's actual fees incurred for writing its sanctions motion and reworking its summary-judgment brief in the total amount of $49,437.50.

Dated:  October 22, 2018

/s/ Mark W. Freel
Mark W. Freel (#4003)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(888) 325-9015 (fax)
mark.freel@lockelord.com

Respectfully submitted,

/s/ David M. Friebus
David M. Friebus (*pro hac vice*)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 416-6200
(312) 416-6201 (fax)
dfriebus@bakerlaw.com

Jonathan L. Lewis (*pro hac vice*)
MCGUIRE WOODS LLP
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
(202) 828-2875
(202) 828-2975 (fax)
jllewis@mcguirewoods.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2018, I filed and served this document through the electronic filing system and that it is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

                                      /s/ Mark W. Freel